If the court will indulge me a moment to cite to or discuss two items in the record before we discuss the merits of this appeal, I think it will, I hope it will provide some perspective. First, I'd like to direct the court's attention to the administrative decision that was challenged on the basis of a clear and unmistakable error. That's in Appendix 30 through 33. Specifically at Appendix 30, the decision itself makes no specific finding that the specific conduct, in this case two DUIs within a two-year period, slightly under that two-year period, constituted a basis to consider his other than honorable discharge dishonorable. The second record that I'd like to direct the court's attention to is in Appendix 89 through 95. This is a rating decision that was issued in June of the same year of that administrative decision saying that he was not qualified for benefits. The relevance of this decision, even though it is in the record but was never published or distributed notice given to Mr. Hooks, clearly shows a manifestly different outcome if there was an error in the original administrative decision. Because it shows that upon adjudication, the agency would have granted the benefits sought. Now, Mr. Hooks asked in 2020 for the agency to revise its decision based upon an allegation of Q that the provisions of 3.12 D4 were not correctly applied. That request was denied. He appealed it to the board. The board made a decision which was appealed to the Veterans Court. The Veterans Court affirmed that decision. We believe that both the board's decision and the Veterans Court relied upon a misinterpretation of 3.12 D4. And that interpretation is that it is possible to bar benefits without making the required determination that is set out in the regulation. The regulation expressly requires that... Can I, before you get into this, can I ask you a question about forfeiture?  About, a question about forfeiture. For, okay. Okay, or waiver. Okay, which the government argues that you did not present an interpretation of persistent that is being presented here on appeal. And that you didn't argue that the phrase willful and persistent misconduct is ambiguous. Is there somewhere in the record that you want to point me to, to show me that that was raised? Well, we believe that it was raised, Your Honor, in the opening brief to the Veterans Court when I had marked that citation anticipating that question. I'm sorry, I'm not seeing it. I would point the court's attention to the opening brief before the agency, excuse me, which is at appendix 106. Actually, the entire brief starts back at 97, but it is at 106 that we believe that we presented this issue to the Veterans Court, that a VA adjudicator is required to determine whether the discharge of other than honorable was issued because of willful and persistent misconduct. And that is the critical omission that does not appear in the challenge decision. So, just for a minute, I see your brief as making an argument that persistent should be at least three times, relying on use of that similar terminology in other statutory contexts, right? And then I also see your brief as arguing that without the agency explaining what it means by willful and persistent misconduct, that is ambiguous. But I don't see that here on this page at A106, and I'm just trying to understand. And it might be your position that you didn't have to say it below, that you challenged the interpretation, and you can make new specific arguments in support of that challenge article. And that is our position because the basis for the allegation of Q was the failure to correctly apply this regulation, which necessarily relied or required the board to make an interpretation of that, which they did and said there was no Q error. But don't you have to tell them from the beginning how you think that those words should be interpreted, so that we here can say to them, hey, it was argued to you that it should be at least three, or that you need to define what this word means so that people know what it means. And you have, but if you haven't presented that argument, then why isn't that forfeiture? Because it's hard to look at what the agency did below and say they erred if the argument was presented to them. Because it is the nature of a clear and unmistakable allegation that the underlying decision was not made in accordance with law. If that decision was not made in accordance with law, the assertion is what is required, and it is substantiated unless the board can point to something within the text of the regulation. But as I understand your argument that you made to the VA, the BVA, the CAVC, it was always about how these DUI convictions are a mere minor offense. Yes. And that's why, in your view, the VA did not correctly apply the regulation. That's correct, Your Honor. Because a minor offense does not amount to a willful and persistent misconduct. But by the language... Now, on appeal to us, your argument is no longer about why, in your view, DUI convictions are a mere minor offense. Your argument to us on appeal is a conception of the word persistent as requiring at least three instances of said misconduct. And that, to me, feels like a very different kind of legal argument, a different story, than the argument and story you presented below to the CAVC and the BVA. Well, the argument that I presented below was summarily rejected by the court. It was not addressed... Because they concluded that DUI convictions are not a mere minor offense, that they are serious offenses. And that was the question that you raised to them, and that was the answer they gave to your question. They didn't have a question in front of them as to whether the word persistent, as it's used in the regulation, requires three or more instances of some kind of misconduct. Am I right about that? You are correct about that, yes. Okay, so then that raises the question of whether that was forfeited, because we don't have any analysis or findings by the Veterans Court or the BVA as to what is the proper definition of persistent with respect to any number of instances of misconduct. But you do now have, your honor, the agency's final rulemaking that went into effect the end of this year. But you agree that does not apply in this case, right? Well, I have to confess I do not know. I don't know of any case that directly addresses that a request for revision should be treated differently. There are a line of cases that say that a request for revision is not a claim, it is a procedural tool to correct a previous error. If, in fact, that goes to the original claim, which if you undo the claim based upon clear and unmistakable error, you place the Veteran in the shoes that he or she would have been but for the error. Therefore, if that's true, then, in fact, this would apply, because in the language of the final rule, it applies to any application that was pending. So the question then becomes, is this an application that is pending, or is this a review of a decision seeking a clear and unmistakable error determination that was made by the Board of Veterans' Appeals that affirmed that there was no clear and unmistakable error? Quite candidly, I know of no case law that addresses that issue. So it sounds like you're telling me that you think that that particular definition should be applied retroactively. I'm just trying to make sure I understand the argument you're making. No, I'm trying to suggest that when you read the text of the regulation as it existed before, there is no discussion of the meaning of persistence, except in the very last phrase where it says that a discharge because of a minor offense will not be considered to be willful and persistent. Now that combines the two, and it seems to me that this regulation as originally written is in the disjunctive. I think this Court is informed by what the final rule published by the Secretary means in terms of, and in the new rule, it is eminently clear that the Secretary has indicated that compelling circumstance exception applies to willful and persistent misconduct. And that is certainly something that, in the words of the Secretary, requires a holistic examination of the veteran's entire service. In this case, the veteran had prior service. And in the original version of the regulation, it says that the reason that a minor offense will not be considered persistent and willful misconduct is if the service was otherwise honest, faithful, and meritorious. Clearly here, Mr. Hooks had a drinking problem. He had two DUIs, which if the now amended version were in place, he would have been within two weeks of meeting that criteria for a definition for the first time of what is meant by persistent. Can I ask you another question? Yes, ma'am. The government asserts that the Board didn't just rely on the two DUIs, that there were other offenses, and this is at JA, I think it's 63 through 64, but talking about alcohol rehabilitation failure, pattern of financial and social misconduct, multiple civil convictions, I guess the civil convictions are DUI. So what's your response to that? My response is that that misunderstands the role of the Board in reviewing the agency determination that there was no clear and unmistakable error made in the 2002 administrative decision. It is the review of the administrative decision, and the administrative decision didn't get into any of those areas. So the Board cannot, on review, come back. That's right. So that's why you pointed out the particular pages to us that you pointed out at the beginning. You're into your rebuttal. I understand that. Ma'am, please, the court. Mr. Hooks has waived any of the arguments that he has raised before this court because none of them were raised before the Veterans Court below. He argued below that there was a misinterpretation of 3.12D because the two DUIs were not minor offenses, and that's at Appendix 105. He specifically says here in the summary of argument, the Board relied on an interpretation of the phrase that in finding that the two civilian convictions of driving under the influence of alcohol were not minor offenses and thus constituted willful and persistent misconduct. This was a misinterpretation of the meaning of the phrase willful and persistent misconduct. So his focus there was on the definition of minor offenses. He also said in that brief on page 110, and he was arguing about whether the Board made a finding that the service was otherwise honest, faithful, or meritorious. That's in the first paragraph, end of the first paragraph on page 110. Those were his two basic arguments below. Here, he seems to be arguing, as Your Honors pointed out, that the definition of the word persistent is the issue, which is something he never raised below, and the Veterans Court, accordingly, was never able to reach below because the Veterans Court looked at Appendix page 3. All they look at is the misinterpretation of the phrase willful and persistent misconduct as to a minor offense. The Veterans Court said the Court disagrees with the appellant, that the Board here made no finding that Mr. Hook's conduct was not a minor offense. The Board expressly found, essentially, that it was a minor offense. So that was the only issue the Veterans Court addressed, and that's, in theory, an issue that this Court could review, except that Mr. Hooks has not raised that here, although he appears in oral argument before this Court to have been trying to raise those two arguments again, but those were not raised in his briefing and so should be considered waived. Can I ask you the same question that I asked Mr. Carpenter, which is that you emphasize in your brief that the Board relied on more than the two DUIs, that there was other activity, and his response is well, that misunderstands what's supposed to be done and what's supposed to be reviewed on cue. What's supposed to be reviewed is the agency's action, which only relied on the two DUIs. Do you have a response to that? Yes, Your Honor. It is the agency's action that should be reviewed on cue because this is a cue challenge to the regional office decision as opposed to the Board decision. But the Board, in reviewing that decision on the basis of cue, has to look at and consider all the reasons, whether the decision as a whole was supported by the evidence. So the reasons that are given as Mr. Hooks' attorney pointed out at page 30 and 31, it was about, he was advised of a zero-tolerance policy for drug use, he was counseled on occasions of financial irresponsibility, and then the DUI conviction, following the DUI conviction, the warning from the Navy that should he fail to attempt to address his alcoholism, that subsequent violations could result in separation, and then of course the second DUI conviction comes and the Navy decides to separate him. So that's everything that was in that initial discharge decision by the regional office. So that is what the Board looked at. The Board gave it maybe a little bit more context, maybe fleshed it out a bit more, but essentially the Board looked to those factors in determining that there was no cue. Do you want to comment on the new regulation that Mr. Carpenter was talking about? Yes. So as we pointed out in our 28J letter responding to Mr. Hooks' argument, the new regulation specifically says that although the final rule departs from VA's prior approach to character of discharge, that does not render the prior regulation unlawful, meaning essentially that the new definition of willful and persistent doesn't mean that any old interpretation or any old definition was invalid, and in fact this Court upheld the previous regulation in Garvey. In terms of using the new regulation as a basis for cue, that's prohibited by case law and prohibited by the new regulation itself, which explicitly stated that prior decisions would not be subject to revision for cue based on the newer rulemaking. They cited the Supreme Court's decision in George there, which held the same thing. So the new regulation has no bearing on what the definition was previously at the time this 2002 original character of discharge regulation was applied here. In what way is the new rule inconsistent with the understanding of the prior rule? It's not, and certainly not in this case, and I would point out too that even if this Court were to look at the definition in the new rule, these two instances would still fall within the definition of willful and persistent misconduct because the new section says that willful and persistent misconduct is incidences of minor misconduct occurring within two years of each other. So even if we were to accept the previous argument that these two DUIs were minor, they were still within two years of each other. The first one was in July of 1988. The second one was in July of 1990, admittedly just a few days off, but still falling within the new definition. So even if this Court were to consider the new definition, that would not help Mr. Hooks because it would still be, even if accepting that these were minor, which nobody found, everyone found the Navy and everyone within VA found them to be instances of serious misconduct. But even if we were to say they were minor, they would still fall under the new regulations definition of willful and persistent. In opposing counsel's brief, there were arguments raised with respect to the pro-veteran canon. What, if any, role do you believe the pro-veteran canon should play here? If Your Honor accepts this argument as not waived, that we're talking about the correct interpretation of persistent, then the pro-veteran canon should not have any role here because the definition of persistent is clear from the text of the regulation. So if the lack of a formal definition doesn't make a term used in a statute or regulation ambiguous. There are many terms that are not defined throughout regulation. So in that case, if the Court applies the ordinary tools of statutory construction, we would look to what the ordinary meaning of persistent is in terms of dictionary definitions. And as we point out on pages 23 to 24 of our brief, where we list several example definitions, there's nothing saying that persistent needs to be two or three or a certain number of incidents within a certain time period. Persistent just means kind of a continuing action, sometimes in the face of evidence to the contrary. That kind of thing under the ordinary definition. So these two DUIs could easily be considered persistent within the definition of persistent under an ordinary meaning. And the Court would not need to look to the pro-veteran canon because as this Court held in Kaiser IV, the canon would only come into play if there's interpretive doubt. And here there's no interpretive doubt that persistent could easily cover these two DUIs. Okay, thank you. Let's give Mr. Carpenter two minutes. I direct the Court's attention to the original version or the previous version of 3.124. It specifically itemizes five different specific offenses, any one of which is considered to have been issued under dishonorable conditions. If you look at the new version of D, there is no such language. In fact, it does not itemize any specific offenses, nor does it describe that they will be considered to have been issued under dishonorable conditions. To the contrary, what we now find in D under both 1 and 2 are the compelling circumstances exception. And then the Secretary has created a new subsection E, which describes how those compelling circumstances exception is to be applied and specifically address the length and character of the service. These are issues that were simply not evident on their face from this regulation when it simply said these specific issues will be considered to be willful misconduct if any of them are committed because they don't identify any specific offense. And now we're into the category of both minor offenses and offenses that were not within a specified period of time, which the new version of this same regulation says you examine it holistically to understand the totality of the circumstances to decide whether the sanction of denial of benefits is appropriate because in this case, there were two DUIs nearly two years apart. I ask the Court to find in favor of sending this back at the very least to the Veterans Court for review based upon the new regulations. Thank you. Thank you, Mr. Carpenter. If the case is submitted.